## AZTEC MIN. CO. v. RIPLEY.

(Circuit Court of Appeals, Eighth Circuit. October 17, 1892.)

### No. 70.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—APPEALS FROM TERRITORIAL SUPREME COURTS.

No appeal lies from a territorial supreme court to the circuit court of appeals in an action of assumpsit between citizens of the territory for goods sold and delivered; for by the judiciary act of March 3, 1891, § 15, appeals from territorial supreme courts are limited to cases in which the judgments of the circuit courts of appeal are "made final by this act," and in section 6 its judgments are made "final" only in controversies in which the jurisdiction depends on diverse citizenship, in admiralty cases, and in cases arising under the patent laws, the revenue laws, and the criminal laws.

2. SAME—CONSTRUCTION OF STATUTE.

There is no ground for the contention that the clause, "in cases in which the judgments of the circuit courts of appeal are made final by this act," was inserted in section 15 by a mistake or clerical error.

In Error to the Supreme Court of the Territory of New Mexico. Writ dismissed.

Warwick Hough and Warwick M. Hough, for the motion.
Nathan Frank, opposed.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. In September, 1890, John W. Ripley, a resident of the territory of New Mexico, brought an action in assumpsit in the district court of the third judicial district of said territory against the Aztec Mining Company, a corporation created and organized under the laws of said territory of New Mexico, to recover the sum of $1,617.15, alleged to be due for goods sold and delivered. Judgment having been entered in favor of the plaintiff in the action, the defendant therein sued out a writ of error to the supreme court of the territory, which, on the 6th of January, 1892, affirmed the

judgment of the district court, (28 Pac. Rep. 773,) and thereupon the Aztec Mining Company sued out a writ of error in this court to the supreme court of the territory, and duly filed the transcript of the record, and caused the case to be docketed in this court. The defendant in error, John W. Ripley, now files a motion to dismiss the writ on the ground that this court does not have jurisdiction, and cannot review the proceedings and judgment had in the supreme court of the territory in this cause.

The jurisdiction of the circuit courts of appeal to review the judgments and decrees of the supreme courts of the territories is conferred by the fifteenth section of the act of March 3, 1891, which reads as follows:

"That the circuit courts of appeal, in cases in which the judgments of the circuit courts of appeal are made final by this act, shall have the same appellate jurisdiction, by writ of error or appeal, to review the judgments, orders, and decrees of the supreme courts of the several territories as by this act they may have to review the judgments, orders, and decrees of the district court and circuit courts; and for that purpose the several territories shall, by orders of the supreme court, to be made from time to time, be assigned to particular circuits."

By order of the supreme court, the territory of New Mexico has been assigned to this circuit, and this court therefore possesses over the decrees and judgments of the supreme court of that territory the jurisdiction that is conferred by the section of the act of March 3, 1891, above cited. This section expressly limits the appellate jurisdiction of this court to cases in which the judgment of this court is made final by the provisions of the act of March 3, 1891. Section 6 of that act enacts that "the judgments or decrees of the circuit courts of appeal shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens or citizens of the United States, or citizens of different states; also in all cases arising under the patent laws, under the revenue laws, and under the criminal laws, and in admiralty cases."

The case at bar does not come within any one of the classes wherein the judgment of this court is declared to be a finality. It is not a case in admiralty, nor does it arise under the criminal, revenue, or patent laws of the United States, nor is it a case between aliens and citizens of the United States, or between citizens of different states; and therefore it does not belong to any of the classes of cases in which this court is clothed with appellate jurisdiction. On behalf of the plaintiff in error it is argued that the words, "in cases in which the judgments of the circuit courts of appeal are made final by this act," must have been inserted in section 15 of the act of March 3, 1891, through some mistake or clerical error, and should therefore be disregarded. It is evident that, unless these words are stricken from the section, it cannot be successfully claimed that this court can take jurisdiction in the case, and hence counsel are driven to the necessity of arguing that the court must wholly disregard the portions of the section which define and limit the classes of cases in which appellate jurisdiction is conferred. No argument is needed to show that such a method of construing the statute is wholly inadmissible. It is true, as argued by counsel, that, if it be held that

this court has not appellate jurisdiction in this class of cases, then the larger part of causes pending in the territorial courts cannot be appealed either to the supreme court of the United States or to the circuit courts of appeal, but in that respect the residents of the territories are only placed on an equal footing with the citizens of the several states. In the larger number of cases brought in the courts of the state, the only appeal is to the supreme court of the state, and in the territory of New Mexico there is a supreme court to which an appeal lies the same as in the several states. On the other hand, if it should be held that this court can take jurisdiction in this class of cases over the decrees and judgments of the supreme court of the territory of New Mexico, the judgment of this court would not be final, under the provisions of section 6 of the act of March 3, 1891, and thus a case not involving any question arising under the constitution or laws of the United States could be carried first to the supreme court of the territory, thence to the circuit appellate court, and thence to the supreme court of the United States. Certainly it was not the intent of congress, in adopting the act of March 3, 1891, to thus enlarge the right of appeal on behalf of the residents of the several territories.

According to the plain reading of section 6 of said act of March 3, 1891, the case at bar does not fall within any of the classes of cases in which this court is given appellate jurisdiction over the judgments or decrees of the supreme court of the territory of New Mexico, and the motion to dismiss for want of jurisdiction is therefore sustained.