## BADARACCO v. CERF et al.

*(Circuit Court of Appeals, Eighth Circuit. November 14, 1892.)*

No. 142.

1. FEDERAL COURTS—APPELLATE JURISDICTION—CIRCUIT COURT OF APPEALS.
    By Act March 3, 1891, the entire federal appellate jurisdiction is divided between the supreme court and the circuit courts of appeals, by enumerating the classes of cases wherein the judgment of each court shall be final. McLish v. Roff, 12 Sup. Ct. Rep. 118, 141 U. S. 661, followed.

2. SAME—FINAL JUDGMENTS—REVIEW OF DECISIONS OF TERRITORIAL COURTS.
    Cases wherein the judgment of the circuit court of appeals is "final," within the meaning of Act March 3, 1891, § 15, giving the right of appeal to such court from territorial supreme courts in such cases, are only those enumerated in the first clause of section 6; and no appeal to the circuit court of appeals lies in a case not there enumerated, although an appeal to the supreme court is denied by section 6, the amount in controversy being less than $1,000. Mining Co. v. Ripley, 53 Fed. Rep. 7, applied.

In Error to the Supreme Court of the Territory of New Mexico. Dismissed.

W. B. Childers, for plaintiff in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. This case comes before us on a writ of error to the supreme court of the territory of New Mexico. The ac-

tion was brought originally in the district court of the second judicial district of that territory to recover for certain goods and merchandise sold by the defendants in error to the plaintiff in error. In the declaration it was averred that L. Cerf and Jacob Cerf, copartners trading under the firm name of L. Cerf & Co., were residents of the city of St. Louis, in the state of Missouri, and that G. Badaracco, the defendant, was a resident of the county of Bernalillo, in the territory of New Mexico. Upon the trial before the court and jury there was a verdict in favor of the plaintiffs below for the sum of $245, and judgment was rendered thereon. On appeal to the supreme court of the territory, the judgment was affirmed, (27 Pac. Rep. 504;) and the defendant now brings the case before this court, assuming that the right so to do is granted by the provisions of section 15 of the act of congress approved March 3, 1891.

In the case of Mining Co. v. Ripley, 53 Fed. Rep. 7, we were called upon to consider the extent of the appellate jurisdiction of this court over the judgments and decrees rendered in the supreme court of the territory of New Mexico; and the conclusion was therein reached that such jurisdiction existed only in cases coming within some one or more of the classes of cases defined in the first clause of section 6 of the act of March 3, 1891, to wit, cases in admiralty, cases arising under the criminal, revenue, or patent laws of the United States, and cases wherein the jurisdiction is dependent entirely upon the opposite parties being aliens and citizens of the United States or citizens of different states. The record now before us shows clearly that this case does not come within any one or more of the classes thus defined.

In support of the jurisdiction, it is suggested by counsel that, as the amount involved is less than $1,000, the case could not be carried from this court to the supreme court on a writ of error, by reason of the limitation found in the last clause of section 6 of the act of March 3, 1891; that the judgment of this court would therefore be final, and hence jurisdiction exists. The argument is plausible, but, taking into consideration the other provisions of the statute, we deem it unsound. As is said by the supreme court in McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. Rep. 118, the act of 1891 "provides for the distribution of the entire appellate jurisdiction of our national judicial system between the supreme court of the United States and the circuit court of appeals, therein established, by designating the classes of cases in respect of which each of those two courts shall, respectively, have final jurisdiction."

Section 5 of the act defines the classes of cases in which an appeal or writ of error takes the given case directly to the supreme court. Section 6 then declares that the circuit courts of appeals shall have jurisdiction in all cases other than those enumerated in section 5, unless otherwise provided by law; and thus a hearing by appeal or on writ of error before an appellate court is provided for in all cases triable originally in a district or circuit court of the United States. Of the cases over which jurisdiction is thus conferred upon the circuit courts of appeals, a further division is made, by the provisions of section 6, into two classes of cases, to wit, that in which the judgment of the circuit court of appeals is final, and that in which it is not. The

first clause of the section expressly declares that the judgments or decrees of the circuit courts of appeals shall be final in certain cases therein specially classified; and then in the last clause of the section is found the declaration that, "in all cases not hereinbefore in this section made final, there shall be of right an appeal or writ of error or review of the case by the supreme court of the United States, where the matter in controversy shall exceed one thousand dollars, besides costs."

This clause expressly points to the first clause of the section as the one which defines the classes of cases wherein the judgment of the circuit court of appeals is a finality; and having, so to speak, laid these to one side, it then proceeds to declare what appellate jurisdiction may be exercised by the supreme court over cases wherein the judgment of the circuit court of appeals is not final, and enacts that, in all cases wherein the judgment of the latter court is not final, then of right the same may be carried, by appropriate methods, before the supreme court, provided the matter in controversy exceeds $1,000, exclusive of costs. This proviso limits the jurisdiction of the supreme court, but it does not enlarge that of the circuit courts of appeals. The last clause of the section clearly recognizes the first clause thereof as the one which defines the cases wherein the judgment of the circuit courts of appeals is to be deemed final, and in that clause the amount involved in the controversy is not made in any sense an element for determining when the judgment of the circuit courts of appeals shall or shall not be final.

It is true that the proviso in the last clause of the section has the effect of preventing cases involving $1,000 or less from being taken to the supreme court, and in that sense the judgment or decree of the circuit courts of appeals in such cases terminates the litigation; but it is not declared in the statute that such judgments or decrees are final, in the sense in which that term is used in defining in what classes of cases the judgments or decrees of the circuit courts of appeals are not reviewable by the supreme court. As already said, section 6 first defines the jurisdiction of the circuit courts of appeals over cases heard in the district and circuit courts, and then subdivides this jurisdiction into two general divisions,—the one including cases in which the judgments of the circuit courts of appeals are final, and the other cases in which such judgments are not final. Having established these two divisions, and having clearly defined the classes of cases belonging to each division, the section then proceeds, in the last clause, to deal with the division not made final, and declares that in cases falling within this division a right to an appeal to or writ of error from the supreme court shall exist, providing the matter in controversy exceeds $1,000, exclusive of costs. This limitation upon the jurisdiction of the supreme court cannot, however, be construed to enlarge, by mere inference, the classes of cases in which the judgments of the circuit courts of appeals are declared by the statute to be final.

When, therefore, in section 15, it is declared that the circuit courts of appeals shall have appellate jurisdiction to review the judgments and decrees of the supreme courts of the territories "in cases in which the judgments of the circuit courts of appeals are made final by this

act," the reference is to the classes of cases specially enumerated in the first clause of section 6; and, unless a given case can be brought within some one or more of the classes therein defined, the judgment or decree of the supreme court of the territory cannot be reviewed by a circuit court of appeals. Unless this be the construction given to the statute, we would have, following the contention of counsel for the plaintiff in error, the absurd result that the judgments of the supreme courts of the territories could be appealed to the circuit courts of appeals in all cases wherein the amount in controversy does not exceed $1,000, but in all cases wherein the amount in controversy exceeds that sum no appeal could be taken. No possible reason can be advanced in support of the proposition that congress intended to create a right of appeal applicable to cases involving small amounts, and to deny the right in cases involving large sums. The absurdity of the result is the strongest possible argument against the correctness of such a construction of the statute; for, as is said in Lau Ow Bew v. U. S., 144 U. S. 47–59, 12 Sup. Ct. Rep. 517, "nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or absurd result." We reaffirm, therefore, the conclusion reached in the case of Mining Co. v. Ripley, supra, that the appellate jurisdiction of this court over the judgments and decrees of the supreme court of the territory of New Mexico is strictly limited to cases coming within some one or more of the classes enumerated in the first clause of section 6 of the act of March 3, 1891, and in regard to which it is expressly declared that the judgment of the circuit courts of appeals therein is final.

As it does not appear that the case at bar comes within any one or more of the enumerated classes, it follows that the writ of error must be dismissed, at cost of plaintiff in error, for want of jurisdiction.