## AZTEC MINING COMPANY *v.* RIPLEY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 870. Submitted December 18, 1893. — Decided January 3, 1894.

The Circuit Court of Appeals for the Eighth Circuit has no jurisdiction in error over a judgment of the Supreme Court of the Territory of New Mexico in a case not in admiralty, nor arising under the criminal, revenue, or patent laws of the United States, nor between aliens and citizens of the United States or between citizens of different States.

This court has jurisdiction to review decrees or judgments of the Supreme Courts of the Territories except in cases which may be taken to the Circuit Courts of Appeals, or where the matter in dispute, exclusive of costs, does not exceed the sum of five thousand dollars.

Congress intended to confer upon this court jurisdiction to pass upon the jurisdiction of the Circuit Courts of Appeals in cases involving the question of the finality of its judgment under section six of the act of March 3, 1891, 26 Stat. 826, c. 517.

MOTION to dismiss or affirm.

*Mr. Rufus H. Thayer* for the motion.

*Mr. Nathan Frank* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Judgment was recovered in the District Court for the Third Judicial District, within and for the county of Grant, in the Territory of New Mexico, on May 26, 1891, by John W. Ripley against the Aztec Mining Company for the sum of $1657.51 damages and costs, and affirmed on error by the Supreme Court of that Territory, August 19, 1891. The mining company thereupon sued out a writ of error from the United States Circuit Court of Appeals for the Eighth Circuit, which was dismissed for want of jurisdiction. *Aztec Mining Co. v. Ripley,* 10 U. S. App. 383. A writ of error was thereupon allowed from this court and comes before us upon a motion to dismiss or affirm.

By the fifteenth section of the Judiciary Act of March 3, 1891, 26 Stat. 826, c. 517, the Circuit Courts of Appeals, in cases in which their judgments were made final by the act, were empowered to exercise appellate jurisdiction over the judgments, orders, or decrees of the Supreme Courts of the several Territories; but as this case was not a case in admiralty, nor a case arising under the criminal, revenue, or patent laws of the United States, nor a case between aliens and citizens of the United States, or between citizens of different States, it did not belong to either of the classes defined by section six of that act, as cases in which the judgments or decrees of the Circuit Courts of Appeals should be final, and therefore the Circuit Court of Appeals for the Eighth Circuit properly declined to take jurisdiction.

The last paragraph of the section provides that "in all cases not hereinbefore in this section made final, there shall be of right an appeal or writ of error or review of the case by the Supreme Court of the United States, when the matter in controversy shall exceed one thousand dollars besides costs;" and as this case was not made final by that section, a writ of error

would lie were it not that under section fifteen that court had no jurisdiction to review the judgment.

As, however, in any case made final, the section made it competent for this court to require, by *certiorari* or otherwise, such case to be certified for its review and determination with the same power and authority in the case as if it had been brought up by appeal or writ of error; and as the paragraph quoted gave the appeal or writ of error as of right in cases not made final, we are of opinion that it may be properly held that it was the intention of Congress that jurisdiction might be entertained by this court to pass upon the jurisdiction of that court when involving the question of the finality of its judgment under section six. We have already held that an appeal or writ of error lies to this court from or to the decrees or judgments of the Supreme Court of the Territories, except in cases susceptible of being taken to the Circuit Courts of Appeals, and cases where the matter in dispute exclusive of costs does not exceed the sum of five thousand dollars. *Shute v. Keyser*, 149 U. S. 649.

Tested by that rule this case could not have been brought to this court, and as we are clear that the Circuit Court of Appeals for the Eighth Circuit rightly decided that it had no jurisdiction, it could not be brought to that.

*Judgment affirmed.*