# FOLSOM *v.* UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 550. Argued and submitted November 19, 1895. — Decided December 2, 1895.

Circuit Courts of Appeals have no jurisdiction over the judgments of territorial courts in capital cases, and in cases of infamous crimes.

This construction of the statute is imperative from its language, and is not affected by the fact that convictions for minor offences are reviewable on a second appeal, while convictions for capital and infamous crimes are not so reviewable.

THIS was a certificate from the United States Circuit Court of Appeals for the Eighth Circuit, which, omitting the formal parts, reads as follows:

"First. At a regular term of the District Court of the Second Judicial District of the Territory of New Mexico, sitting for the trial of causes arising under the Constitution and laws of the United States, held at Albuquerque, in said district, the plaintiff in error, Stephen M. Folsom, was, on the 15th day of March, 1894, indicted by the grand jury in said court for making certain false entries in violation of the provisions of section 5209 of the Revised Statutes of the United States.

"Second. He was thereafter arraigned. He pleaded not guilty. He was tried by the said District Court and a jury, was found guilty of making certain of the false entries charged in said indictments in violation of the provisions of section 5209, and was thereafter, on the 14th day of April, 1894, ordered and adjudged by the said court to be confined at hard labor in the territorial penitentiary at Santa Fé, New Mexico, for the term and period of five years upon each of the seven separate and distinct offences as laid and charged in the fourteen counts of the indictments upon which the jury had theretofore returned a verdict of guilty; and it was further ordered and adjudged by the said court that said term

upon each of the said offences should run concurrently each with the others, and that the defendant pay the costs to be taxed, and that execution issue therefor.

"Third. The said Stephen M. Folsom then appealed from said judgment to the Supreme Court of the Territory of New Mexico, and his case upon said appeal was heard and tried by the said Supreme Court August 27, 28, and 29, 1894; was on the latter day submitted to and taken under advisement by said court; which, on September 4, 1894, adjudged that the judgment of the District Court of the Second Judicial District aforesaid be affirmed, and that said Folsom be confined in the New Mexico penitentiary at Santa Fé, New Mexico, for the full term of five years, pursuant to the said judgment of the District Court.

"Fourth. On the 9th day of November, 1894, a writ of error was duly issued out of the United States Circuit Court of Appeals for the Eighth Judicial Circuit to the Supreme Court of the Territory of New Mexico, commanding the said court to send the records and proceedings and the judgment in said case between the United States of America, plaintiff and appellee, and Stephen M. Folsom, defendant and appellant in said Supreme Court, with all things concerning the same, to this Circuit Court of Appeals for the Eighth Circuit, together with said writ, so that the same should be filed in the office of the clerk of this court on or before the first day of January, 1895, to the end that, the records and proceedings aforesaid being inspected, the United States Circuit Court of Appeals for the Eighth Circuit might cause further to be done therein to correct the error of which the said Folsom had complained what of right and according to the law and custom of the United States should be done, and pursuant to that writ the clerk of the Supreme Court of the Territory of New Mexico made due return and transmitted to this court a true copy of the record, bill of exceptions, assignment of errors, and of all proceedings in said case before January 1, 1895, and the said case is now pending in this court.

"Fifth. January 7, 1895, the United States of America filed a motion to dismiss the writ of error, on the ground

that this Circuit Court of Appeals has no jurisdiction to hear and determine the issue raised thereby or to review the said judgment of the Supreme Court of the Territory of New Mexico, and the said motion has been argued and submitted to this court for decision.

" Sixth. The errors in the judgment and proceedings of the Supreme Court of the Territory of New Mexico which are assigned by Stephen M. Folsom, the plaintiff in error, in his complaint, upon which the said writ of error was issued from this court, are such that if upon due consideration upon the merits they should be sustained the judgment of the said Supreme Court ought to be reversed.

" And the said United States Circuit Court of Appeals further certifies that, to the end that it may properly decide this and other questions arising in this case which are duly presented by exceptions and assignments of error properly taken and filed, the said court desires the instruction of the Supreme Court of the United States upon the following question :

" Has the United States Circuit Court of Appeals for the Eighth Judicial Circuit any jurisdiction to hear and determine the issue presented by said writ of error, and to review the judgment and proceedings of the Supreme Court of the Territory of New Mexico ? "

*Mr. Charles A. Willard* for plaintiff in error. *Mr. Neill B. Field* and *Mr. F. W. Clancy* were with him on the brief.

*Mr. Solicitor General* submitted on his brief.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

The offence denounced by section 5209 of the Revised Statutes is punishable by imprisonment not less than five nor more than ten years, and is therefore an infamous crime. *In re Claassen*, 140 U. S. 200, and cases cited.

The question then is whether the Circuit Court of Appeals for the Eighth Circuit has jurisdiction of a writ of error to

review the judgment and proceedings of the Supreme Court of the Territory of New Mexico in the instance of a conviction of an infamous crime.

By section five of the judiciary act of March 3, 1891, c. 517, 26 Stat. 826, it was provided that appeals or writs of error might be taken from the District Courts or from the Circuit Courts direct to the Supreme Court in six classes of cases, one of which classes was "cases of conviction of a capital or otherwise infamous crime;" and by section six, that the Circuit Courts of Appeals should exercise appellate jurisdiction to review by appeal or writ of error final judgments of the District Courts and the Circuit Courts "in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law. And the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States or citizens of different States; also in all cases arising under the patent laws, the revenue laws or under the criminal laws, and in admiralty cases."

In harmony with previous legislation, 25 Stat. 784, c. 323; 26 Stat. 81, c. 182, § 42, section thirteen of the act of March 3, 1891, provides: "Appeals and writs of error may be taken and prosecuted from the decisions of the United States Court in the Indian Territory to the Supreme Court of the United States, or to the Circuit Court of Appeals in the Eighth Circuit, in the same manner and under the same regulations as from the Circuit or District Courts of the United States under this act."

Obviously this section was designed to give a review of the decisions of the court of original jurisdiction by an appellate tribunal, and the same reason would not obtain in respect of cases where such review could already be had; nevertheless section fifteen was added, although Congress did not see fit in relation to appeals or writs of error from and to the Supreme Courts of the several Territories to make the same provision thereby as that in section thirteen, except so far as the Circuit Courts of Appeals were concerned, and as to them only in cases in which their judgments were made final by the act.

Section fifteen is as follows: "That the Circuit Court of Appeals in cases in which the judgments of the Circuit Courts of Appeals are made final by this act shall have the same appellate jurisdiction, by writ of error or appeal, to review the judgments, orders, and decrees of the Supreme Courts of the several Territories as by this act they may have to review the judgments, orders, and decrees of the District Courts and Circuit Courts; and for that purpose the several Territories shall, by orders of the Supreme Court, to be made from time to time, be assigned to particular circuits."

By section 702 of the Revised Statutes and the act of March 3, 1885, c. 355, 23 Stat. 443, the final judgments and decrees of the Supreme Courts of the Territories where the matter in dispute exclusive of costs exceeded the sum of five thousand dollars, might be reviewed, reversed, or affirmed in this court upon a writ of error or appeal in the same manner and under the same regulations as the final judgments or decrees of a Circuit Court.

In *Shute* v. *Keyser*, 149 U. S. 649, which was a case not falling within either of the classes in which the judgments of the Circuit Courts of Appeals were made final by the act of March 3, 1891, we held that as there was no provision by the fifteenth section of that act for appeals or writs of error except to the Circuit Courts of Appeals in cases in which their judgments were made final, and no express repeal of the provisions of the prior acts regulating appeals or writs of error from the Supreme Courts of the Territories in other cases, that an appeal or writ of error lay to this court from the judgments or decrees of those courts in such other cases.

In *Aztec Mining Company* v. *Ripley*, 10 U. S. App. 383, the Circuit Court of Appeals for the Eighth Circuit held that it had no jurisdiction under the fifteenth section, because the case at bar did not come within any one of the classes of cases wherein the judgments of that court were declared to be final, and its judgment dismissing the writ of error on that ground was affirmed by this court, while it was at the same time pointed out that as the value of the matter in dispute did not reach five thousand dollars, we could not take jurisdiction of

the particular case.  *Aztec Mining Company* v. *Ripley*, 151 U. S. 79.

It was urged that Congress could not have intended that such cases should be brought to this court by reason of the discrimination in the fifteenth section, but we were constrained to the conclusion reached in view of all the legislation on the subject, and the specific language of the section which we were not at liberty to disregard.

The result was rendered inevitable, in our opinion, by the restriction of the jurisdiction of the Circuit Courts of Appeals to cases in which their judgments were made final by the act, and the same rule seems applicable in the disposal of the question under consideration.

By the sixth section the Circuit Courts of Appeals are vested with appellate jurisdiction "to review by appeal or by writ of error final decisions in the District Courts and the existing Circuit Courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law," and their judgments are made final in, among others, cases arising under the criminal laws.

By the preceding section, appeals or writs of error may be taken from the District Courts or the existing Circuit Courts directly to this court "in cases of conviction of a capital or otherwise infamous crime."

The criminal cases in which the judgments of the Circuit Courts of Appeals are made final by section six do not embrace, therefore, capital cases or cases of infamous crimes.

The fifteenth section confers appellate jurisdiction on the Circuit Courts of Appeals to review the judgments of the Supreme Courts of the Territories, but it is in terms the same appellate jurisdiction as conferred by the sixth section in respect of the judgments of District and Circuit Courts, and this being so, is limited to those cases in which, if decided by the District and Circuit Courts, the judgments of the Circuit Courts of Appeals would be final.

Sections 5 and 6 relate to appellate jurisdiction over the judgments and decrees of District and Circuit Courts; section 13 gives the same appellate jurisdiction over the decisions of

the United States court in the Indian Territory distributed in accordance with sections 5 and 6; section 15 gives the same appellate jurisdiction over the territorial courts, but confines it to the Courts of Appeals and to particular cases as specified in section 6. The grant of jurisdiction is not general but specific and limited, and we see no escape from the conclusion that it is not conferred on the Circuit Courts of Appeals over territorial judgments in capital cases and cases of infamous crimes.

It is said that this involves the absurdity that convictions for minor offences are reviewable on a second appeal, while convictions for capital and infamous crimes are not. Doubtless in some cases where the language of a statute leads to an absurdity, hardship, or injustice, presumably not intended, a construction may be put upon it modifying the meaning of the words so as to carry out the real intention, but where the intention is plain it is the duty of the court to expound the statute as it stands. As far as Congress went in conferring this right to a second appeal, the intention is clear and the language used unambiguous. The objection really is that Congress should have gone farther and given by this act a second review in this court in cases of convictions of capital and infamous crimes in the Territories.

It may be that there was an oversight in that particular, but if there were, we certainly cannot supply it by construing the fifteenth section as carrying appellate jurisdiction over such cases to the Circuit Courts of Appeals, and so enlarging that jurisdiction into something other and different from "the same appellate jurisdiction" as is exercised in reviewing the judgments of District and Circuit Courts under section 6 of the act.

We answer the question in the negative, and it will be

*So certified.*