## UNION CENT. LIFE INS. CO. v. CHAMPLIN et al.

### (Circuit Court of Appeals, Eighth Circuit. July 14, 1902.)

### No. 1,691.

1. CIRCUIT COURTS OF APPEALS—JURISDICTION TO REVIEW FINAL DECISIONS OF SUPREME COURTS OF TERRITORIES.

The circuit courts of appeals have no jurisdiction to review the final judgments or decrees of the supreme courts of the territories under the act of March 3, 1891, in any cases except those in which the jurisdiction is originally dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different states, and those arising under the patent laws, the revenue laws, the criminal laws, and in admiralty. Act March 3, 1891 (26 Stat. 828, 830, c. 517) §§ 6, 15.

2. CONSTRUCTION OF STATUTES—INTENT OF LEGISLATURE.

Where the terms of a law are ambiguous and their meaning doubtful, the act may and should be so interpreted as to effect the intention of the

---

¶ 1. Jurisdiction of circuit court of appeals on appeal from territorial courts, see note to Emigration Co. v. Gallegos, 32 C. C. A. 478.

legislative body, where the law discloses or indicates that intention. But courts may not import into a plain and unambiguous law and give effect to a supposed intention of the body which enacted it which is neither expressed nor indicated in the law itself.

(Syllabus by the Court.)

Appeal from the Supreme Court of the Territory of Oklahoma.

Robert Ramsey (J. C. Strang, on the brief), for appellant.
Eugene Hagan, Frank Dale, and A. G. C. Bierer, for appellees.

Before SANBORN and THAYER, Circuit Judges, and LOCH-REN, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree of the supreme court of the territory of Oklahoma affirming a decree which quieted the title to 160 acres of land in that territory in the appellees, Edward R. Champlin and Grace A. Staples, and removed the cloud of a mortgage of about $350 therefrom. A motion has been made to dismiss this appeal on the ground that this court has no jurisdiction of the case. Our jurisdiction to review the judgments of the supreme court of the territory of Oklahoma is granted and limited by section 15 of the act of March 3, 1891 (26 Stat. 826, 830, c. 517), which provides "that the circuit court of appeal in cases in which the judgments of the circuit courts of appeal are made final by this act shall have the same appellate jurisdiction, by writ of error or appeal, to review the judgments, orders, and decrees of the supreme courts of the several territories as by this act they may have to review the judgments, orders and decrees of the district court and circuit courts." It will be noticed from this quotation that jurisdiction is given to this court only in cases in which its judgments are made final by the act of March 3, 1891. Those cases are specified in section 6 of that act, which reads: "And the judgments or decrees of the circuit courts of appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different states; also in all cases arising under the patent laws, under the revenue laws and under the criminal laws and in admiralty cases." The jurisdiction in this case is not dependent upon the opposite parties to the suit or controversy. It does not appear from the record that these parties are aliens on the one side and citizens of the United States on the other, or that they are citizens of different states. This is not a case arising under the patent laws, the revenue laws, or the criminal laws, nor is it an admiralty case. Hence it does not fall within the jurisdiction of this court. The question has been often and carefully discussed, and the reasons for this conclusion have been repeatedly stated, in Mining Co. v. Ripley, 53 Fed. 7, 3 C. C. A. 388, Badaracco v. Cerf, 53 Fed. 169, 3 C. C. A. 491, and Mining Co. v. Ripley, 151 U. S. 79, 14 Sup. Ct. 236, 38 L. Ed. 80, and no good purpose would be served by rehearsing them here.

Counsel for the appellant earnestly contend that it was the intention of congress to confer jurisdiction upon the circuit courts of appeals to review the judgments and decrees of the supreme courts

of the territories in all cases in which no jurisdiction to review them was conferred upon the supreme court, and that it is the duty of the courts to so construe the act of March 3, 1891, as to effect this purpose of the legislative department of the government. The answer to this argument, however, is that, while ambiguous terms and doubtful expressions in legislative acts may and should be so interpreted by the courts as to carry out the intention of the body which enacted them when they fairly disclose that intention, yet it is the purpose which the act itself discloses, and that only, which may be thus enforced. The courts may not import into a plain and unambiguous law and give effect to a supposed intention or purpose of the legislative body which is neither expressed nor indicated in the act. Such a course of action would pass beyond the limits of construction or interpretation into the forbidden domain of judicial legislation. The act of March 3, 1891, is neither ambiguous in its expressions nor doubtful in its meaning in so far as it relates to the jurisdiction of this court over cases like that in hand. If congress intended to confer such jurisdiction, there is nothing in the law which it enacted to evidence any such intention, while the striking omission to express it raises the legal presumption that it did not exist, and forbids the courts from importing it into the law and giving it effect. Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co. (C. C. A.) 114 Fed. 77, 81; Railway Co. v. Bagley, 60 Kan. 424, 431, 56 Pac. 759; Woolsey v. Ryan, 59 Kan. 601, 54 Pac. 664; Davie v. Mining Co., 93 Mich. 491, 53 N. W. 625, 24 L. R. A. 357; Vogel v. Pekoc, 157 Ill. 339, 42 N. E. 386, 30 L. R. A. 491; Campbell v. Lambert, 36 La. Ann. 35, 51 Am. Rep. 1; Turnpike Co. v. Coy, 13 Ohio St. 84; Stensgaard v. Smith, 43 Minn. 11, 44 N. W. 669, 19 Am. St. Rep. 205.

The motion to dismiss the appeal must be granted; and it is so ordered.